# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30407

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2019

Lyle W. Cayce
Clerk

LEE LUCAS,

Plaintiff-Appellee

v.

JERRY GOODWIN, individually and in his official capacity; PAULA MILWEE, individually and in her official capacity; ROBERT RACHAL, individually and in his official capacity; RAHMAN SINGH, individually and in his official capacity,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-425

Before KING[1], HIGGINSON and DUNCAN, Circuit Judges:

PER CURIAM:[*]

Lee Lucas, Louisiana prisoner # 338382, filed suit under 42 U.S.C. § 1983 complaining that officials at the David Wade Correctional Center and Louisiana Department of Public Safety and Corrections were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment,

---

[1] Judge King concurs in the judgment only.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30407

because they denied him a root canal treatment allegedly "prescribed" by a prison dentist.  The district court rejected appellants' assertions of qualified immunity and denied their motion for summary judgment on the individual capacity claims that Lucas asserted against them.  They now appeal.

A district court's denial of a motion for summary judgment is ordinarily not immediately appealable, but the denial of a motion for summary judgment based upon qualified immunity is a collateral order that is capable of immediate review.  *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc).  However, in such an appeal, this court's jurisdiction is limited to issues of law.  *Kinney*, 367 F.3d at 346.  "That is, [this court] has jurisdiction only to decide whether the district court erred in concluding as a matter of law that officials are not entitled to qualified immunity on a given set of facts."  *Id.* at 347.

Here, appellants attack only factual disputes that lie beyond our jurisdiction on interlocutory appeal. They contest the district court's finding that, read in the light most favorable to Lucas, the record establishes a factual dispute as to whether Lucas was "prescribed" a specific dental treatment or whether tooth extraction was instead appropriate. We lack jurisdiction on interlocutory appeal to consider a "challenge [to] the district court's assessments regarding the sufficiency of the evidence." *Kinney*, 367 F.3d at 347.  By contrast, appellants have not properly raised any challenge to the materiality of the factual dispute found by the district court, which we would have jurisdiction to review. *See id.* (explaining that we have jurisdiction to review "the *materiality* of any factual disputes, but not their *genuineness*") (quotation marks and citation omitted). That is, appellants have not argued that they would still be entitled to qualified immunity and summary judgment

No. 18-30407

even if the prison dentist "prescribed a treatment other than extraction," the "given set of facts" on which the district court's decision was based.

Because appellants have neglected to identify a legal issue that we may review in this interlocutory appeal, *see Kinney*, 367 F.3d at 346, they have failed to invoke this court's jurisdiction, *see SCF Waxler Marine, L.L.C. v. ARIS T M/V*, 902 F.3d 461, 464 (5th Cir. 2018).  Accordingly, we DISMISS the appeal for lack of jurisdiction.  *See id.*